Appellate Department, Superior Court, San Bernardino

[Civ. A. No. 63.   July 8, 1959.]

FRED W. ALKIRE, Respondent, v. OWL MATERIALS COMPANY (a Corporation), Appellant.

Best, Best & Krieger for Appellant.

Herbert Cameron for Respondent.

MITCHELL, J.—This is an appeal from a judgment in favor of the plaintiff for the sum of $1,616.72 which was the amount of an "undercharge" or the difference between $8.50 and $10 per hour for transporting rock, sand and gravel.

The written contract provided for the payment of: "the minimum rates established for such service by the California Public Utilities Commission, unless a different rate is agreed upon by the parties and is specified at the conclusion hereof." (Par. 7.)

The minimum rate prescribed by the Public Utility Commission for the transportation involved here was $10 per hour.

The contract also contained a provision as follows:

"It is agreed that the price to be paid for the performance of hauling service hereunder shall be 8.30 per Hour plus 1.25 for overtime instead of as prescribed in Paragraph 7 hereof."

This contract was dated April 10, 1956.

On April 10, 1956, the shipper, the defendant, issued and served on plaintiff a notice of the shipper's intention to ship under the rates prescribed by the California Public Utilities Commission.

Appellant, in its answer, concedes that the correct rate was $10 per hour, but alleges that the plaintiff was actually paid "in excess of $10.00 per hour." (Answer, p. 2, line 9.)

As an additional defense, appellant alleged that "despite the contract plaintiff desired to be paid upon the basis of tons carried," and "the plaintiff was in fact paid upon tonage basis."

The issues, thus framed, were submitted to the trial court and judgment was rendered as follows:

"It Is Hereby Ordered, Adjudged and Decreed that plaintiff Fred W. Alkire do have and recover from defendant Owl Materials Co. the sum of $1,616.72. . . ."

While no formal findings of fact were made, nevertheless the settled statement contains this language:

". . . plaintiff was paid . . . at the rate of $8.50 an hour in accordance with the terms of said written contract. . . . That the actual rate . . . according to Minimum Rate Tariff No. 7 . . . provides that he should have been paid not less than $10.00 an hour, or a total of $11,005.20, which left an

undercharge due and owing to plaintiff by defendant of $1,616.72." (P. 21, lines 14-21.)

The entire paragraph containing this sentence is couched in language used in findings.

It is clear that the trial court thus found that the only contract between the parties was that contained in the writing to the effect that the plaintiff was to have been paid on an hourly basis at the rate prescribed by the California Public Utilities Commission.

Appellant bases his appeal on an alleged insufficiency of the evidence.

However, appellant admits the existence of the written contract providing for payment on an hourly basis and by his argument as to the weight of the evidence concerning the number of hours actually worked, admits the existence of such evidence.

". . . a witness for the defendant demonstrated . . . the arithmetic used by Respondent in deriving the numbers . . . of hours worked. . . ."

(Appellant's Opening Brief, p. 4, lines 25-27.)

Moreover, the settled statement recites as follows:

"Matt Castellaw . . . testified as follows . . . the plaintiff did not work the *hours he claimed* and that the *time sheets* as submitted by plaintiff were not correct." (P. 2, lines 22-25.)

In its opening brief, appellant argues that the evidence as to the number of hours worked is "improbable" (p. 5, lines 12-14) and is "false" (p. 5, lines 24-26).

Such arguments concede the existence of evidence on the point.

Among the exhibits is an invoice reciting the amount due on each of the days upon which respondent worked from April 10, 1956, to August 31, 1956. (Exhibit No. 8.)

By their pleadings, the parties agree that the rate governing in this matter was to be on an hourly basis, and at the rate of $10 per hour rather than $8.50 per hour as stated in their written contract. The sole dispute relates to the number of hours involved in hauling materials as agreed. From the settled statement of facts it appears that the plaintiff testified he performed the services in question under the contract providing for payment on an hourly basis at $8.50 per hour; that he kept a record of the time consumed on time sheets; that these time sheets were approved by a representative of the defendant; that he was paid for the service performed at $8.50 per hour; and that he received $9,388.48 in payment. This

testimony supports the judgment. The payment of $9,388.48 for service at an hourly rate of $8.50 was payment for 1104.53 plus hours of service. The fact that this computation results in a several digit decimal does not render the testimony inherently improbable. It is not unreasonable to assume that the total payment figure may have been the result of a minor error. The final computation by the court was not mathematically correct as 1104.53 hours at $1.50 plus the amount unpaid on the hourly rate, is $1,656.80, which is more than the amount of the judgment, but conforms to the limit fixed by the prayer of plaintiff's complaint. The inferences to be drawn from the testimony and the weight to be given that testimony were matters within the legal discretion of the trial court, not subject to review upon appeal.

Appellant also urges that the trial court erred in "granting respondent relief in equity." Appellant fails to point out any order or judgment granting such relief and we find none in the record. The settled statement contains no reference to such an issue; the judgment (*supra*) contains no such relief.

■ This is not a judgment reforming a contract since any attempt to write into the agreement a rate not authorized by California Public Utilities Commission would be illegal and void. Under such circumstances, the law deems the minimum rate to have been a part of the contract.

The judgment is affirmed.

Coughlin, P. J., and Hilliard, J., concurred.